IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON DODD,<br><br>    Defendant. | No. CR12-3004-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON MOTION TO SUPPRESS** |

On February 22, 2012, an indictment was returned charging the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 1. On April 17, 2012, the defendant filed a motion to suppress (Doc. No. 16), which the government resisted (Doc. No. 20). On May 10, 2012, the court held a hearing on the motion. The matter is now fully submitted.

*Background*

In his brief in support of his motion to suppress, the defendant states the following:

    From around May 2010 through early 2011, the Defendant Jason Dodd and his wife April Dodd rented a residence on real property commonly known as 685 310th Street in Woden, Iowa in Hancock County. A home and trailer are present at said address. When Dodd originally moved onto the property, he lived in the trailer with April while the home was occupied by Charles and Kelly Kraft.

    Around June 2010, the Krafts and the other occupants of the home were not making their rental payments to the landlord, Lornie Anderson, but Dodd was able to negotiate a deal where the Krafts could stay at the property. This was due, in part, to the fact that Kelly Kraft was pregnant at the time. The Dodds moved into the two bedroom home where they resided with the Krafts.

The living arrangement never worked well as the Krafts never paid their share of the obligation to the landlord. The two had a falling out around September of 2010 and the Dodds told the Krafts they needed to leave. The Krafts finally left in November 2010.

The Hancock County Sheriff's office received a call from Charles Kraft on December 1, 2010 concerning the Defendant Jason Dodd allegedly having a .357 magnum on the farm. Kraft continued on saying that Dodd also keeps this gun loaded in a night stand by his bed. Due to the disagreement between Kraft and Dodd, the Hancock County Sheriff's office did not feel the information was creditable enough to pursue charges at that time.

The Hancock County Sheriff's office spoke with Heidi Lusson on February 10, 2011. Lusson is Charles Kraft's mother. Lusson reported that Kraft had made comments about Dodd having a firearm. Lusson reported that April Dodd had left a message on her phone claiming that Kraft had stolen some jewelry and the .357.

Lusson advised that she had been out to the property on February 6, 2011 to move Kraft's remaining property out. She advised Ron Lusson (husband), Phil Lusson (step-son), Kim Lusson (step-daughter) and Chris Thompson were all present on the farm at this time to help with the move. Heidi Lusson had set this time up with April but April called and said she could not make it. April allegedly gave Lusson the keys and advised her it was fine that she was on the property.

Lusson advised that the camper trailer was unlocked when they arrived. The door was open and a weapon was noticed just sitting inside the door on top of some boxes. Lusson advised that a couple of the parties present on February 6, 2011 started passing the gun around and looking at it. Heidi said she made sure the trailer was locked when they left. Heidi advised she did not think any of them would have taken the weapon.

On February 12, 2011 at 1324 hours, April Dodd (legal name Hunt) filed a report with the Hancock County Sheriff's office that she had a Smith and Wesson .357 magnum stolen. April is the common law wife of Jason Emery Dodd.

2

Heidi Lusson phoned the Hancock County Sheriff's office on February 17, 2011. She advised that she had been checking around with everyone that was at the farm. She alleged that she spoke with Chris Thompson on the night of February 16, 2011 and he told her that he put the firearm in the pickup parked on the property. Thompson allegedly told her he did this because the trailer was already locked. Thompson claimed he put it behind the seat in the truck that was parked next to the house. Law enforcement attempted Thompson by phone with no results.

Lusson also informed law enforcement that Steve Rogers had allegedly seen Dodd fire a gun at the property. Rogers allegedly was working for Rent-A-Center at the time and was delivering something to the residence. Rogers apparently told Lusson that Dodd and Kraft were shooting at an old TV.

Law enforcement obtained Rogers' phone number from Lusson. Law enforcement made contact with Rogers by phone. He was not sure on the specific date but advised that it was sometime last summer. He could not recall what type of gun was being shot. He was able to place the firearm in Dodd's possession and knew Dodd from previously being a customer of Rent-A-Center. Law Enforcement contacted Rent-A-Center and was able to obtain a copy of the delivery receipt for the first part of June 2010. The actual delivery date was unknown as different dates were shown on the same sheet.

Law Enforcement spoke with Casey Hallman on February 15, 2011. Hallman is an acquaintance of Jason Dodd. Hallman allegedly told law enforcement he had seen Dodd wearing a gun on his hip while at the farm. Hallman allegedly advised law enforcement that he saw Dodd wearing a gun on three or four different occasions. Hallman allegedly described it as a chrome or nickel-plated .357. Hallman and Dodd have a history with Hallman being accused of stealing a motor from the property in question and Hallman's presence being prohibited by both Dodd and his landlord.

Jason Dodd was incarcerated in the Hancock County Jail from approximately February 1, 2011 to February 11, 2011 and the Winnebago County Jail from approximately February 11, 2011 to February 21, 2011. Dodd was arrested on the related state charges at the conclusion of his period of incarceration at the Winnebago County Jail and returned to the Hancock

County Jail. Law Enforcement completed an application for search warrant of 1988 Ford Pickup with Montana License Plate [redacted], VIN number [redacted] located at 685 310th Street in rural Woden, Iowa. The truck was registered to Jason Dodd.

Doc. No. 16-1 at 1-5.

The application for the search warrant stated the following:

[T]he facts and circumstances which lead me to believe that probable cause for this search exists are as follows:

a. My personal knowledge: April Hunt (Dodd) reported having this firearm stolen from a camper that was parked at her residence located at 685 310th St. Woden, IA. It is unknown if she provided the correct model or serial number. Jason Dodd is a convicted felon. Numerous individuals have placed this firearm in Jason Dodd's possession. As a felon, Jason Dodd is prohibited from possessing firearms and ammunition.

   (1) Facts: Heidi Lusson and Chris Thompson were at this residence on February 6, 2011 to help a friend move. This firearm was seen by both these subjects at this time. On February 16, 2011 Lusson had a conversation with Chris Thompson. Thompson told her that he had moved the firearm and placed it behind the seat in the pickup that was parked next to the house. This truck is registered to Jason Emery Dodd.
   (2) Source of Facts: Heidi Lusson

b. Facts told to me by informant:
   (1) Facts:
   (2) How informant learned of these facts:
   (3) Reason for reliability of this informant (although the informant need not be name, character, circumstances, and past reliable information by this informant should be stated):

Doc. No. 20-2 at 1-2. The issuing magistrate found that the affiant "has talked to people that have seen a .357 handgun in the possession of Mr. Dodd, the handgun being in Mr. Dodd's possession." *Id.* at 4. The magistrate further found that the information provided

4

by the informant appeared to be credible because the informant "was not under investigation or facing charges," providing probable cause to issue the search warrant. *Id.*

Law enforcement subsequently conducted a search on the vehicle and discovered a Smith and Wesson .357 magnum. The defendant seeks to suppress this firearm.

*Discussion*

The defendant contends that law enforcement lacked probable cause at the time the magistrate was presented with the application for a search warrant and that, therefore, evidence should be excluded. Doc. No. 16-1 at 6. In his brief, the defendant explains:

> The application for search warrant asserted that the information provided by Heidi Lusson established probable cause. Law Enforcement previously had acknowledged that information provided by Charles Kraft, a prior roommate not getting along with the Defendant Jason Dodd at the time, was not credible. For some reason, known only to law enforcement, the information provided by Mr. Kraft's mother was more credible and all of the sudden provided probable cause to search the vehicle of an individual who was in jail during the entire relevant timeframe.

Doc. No. 16-1 at 6. The defendant further maintains that the good-faith exception to the exclusionary rule does not apply. *Id.* at 9-11.

The government asserts that the issuing magistrate had a substantial basis for concluding the existence of probable cause, and that Lusson's information was independently corroborated. Doc. No. 20-1 at 3-4. The government alternatively contends that the good-faith exception applies. Doc. No. 20-1 at 4-6.

The defense argues that "it offends logic that the mother of a person, previously determined to be less than credible because of a roommate dispute with [the defendant] providing second-hand and hearsay information, could be more credible." Doc. No. 16-1 at 9. The court is reluctant to be totally dismissive of any legal argument that conceivably
5

might have some merit, but the defendant's argument can only be described as frivolous. In effect, he is arguing that, when law enforcement in this case, in obtaining a search warrant, chose not to rely on information provided by a potentially biased witness, but then relied on information provided by a second, unbiased witness, they acted unreasonably. This is because the second witness happened to be the first witness's mother. The defense does not clarify whether this claim of "parent-child credibility equivalence" is supported by "nature" or "nurture," or by some other theory, nor does he cite to any legal authority to support the argument. In any event, the argument that "it offends logic" for law enforcement to disbelieve a witness and then believe the witness's mother is nothing short of absurd.

The defendant does not stop here, however. He further asserts that the good-faith exception does not apply because "[i]t is impossible that the officer reasonably believed the mother more than her son." Doc. No. 16-1 at 10. The defendant recognizes that, even if, in hindsight, the information in the affidavit is deemed insufficient to support a finding of probable cause to issue the warrant, the evidence will not be suppressed if the officers acted in reasonable, good faith reliance on a search warrant issued by a neutral and detached magistrate. *United States v. Leon*, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3420, 82 L. Ed. 2d 677 (1984). The defendant does not even attempt to explain why this rule does not bar his claim.

The defendant's motion to suppress thus should be **denied**.

### *Recommendation*

For the reasons stated above, IT IS RESPECTFULLY RECOMMENDED that the defendant's motion to suppress (Doc. No. 16 ) be **denied**. Objections to this Report and Recommendation must be filed by **May 22, 2012**. Responses to objections must be filed by **May 25, 2012**.

IMPORTANT NOTE: Any party planning to lodge an objection to this Report and Recommendation must order a transcript of the hearing promptly, but not later than **May 17, 2012, <u>regardless of whether the party believes a transcript is necessary to argue the objection</u>**. If an attorney files an objection without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 15th day of May, 2012.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT